Mr. Derker, are you with us? I think so. And Mr. Schadl? Yes. 20-1049 from the Eastern District of Missouri, Jeffrey Just v. Nellie Kuykendall et al. Mr. Derker, you may proceed. May it please the court, my sainted father who is in private practice, often remarked, don't make a federal case out of it. As I have come back to federal practice after a hiatus of several decades, I have learned that almost everything is a federal case now. And we are here today, I represent two police officers who seek qualified immunity on account of the arrest or detention of the plaintiff, Mr. Just. And I think we had a little spat about the jurisdiction of this court, and I think that there really is no disagreement between the police officers and the plaintiff about the material facts. And we submit that the district court clearly erred in denying qualified immunity based on a misconception of what the upside down. She said that because the police officers were ambiguous about what the plaintiff was being arrested for, that that was a genuine issue of material fact. Well, the subjective belief of the officers as to what offense Mr. Just had committed is irrelevant. The question is whether the totality of the circumstances shows that the officers acted reasonably in detaining him. And briefly, the officers responded to a call from Mr. Just complaining about a tampering with his truck. They responded. I regret to say the time of response was rather slow. But in any event, they did respond. And after speaking with Mr. Just, they were confronted with a report from the alleged tamperer and another person that Mr. Just had flourished a knife at the tamperer. And so the officers were confronted with competing narratives at the scene, including an apparent assault or flourishing with a deadly weapon. The officers initially decided they would make no arrests and let everybody go. Mr. Just was not pleased with their decision. He requested a police report. The officers declined to commit to writing a report. They gave him a business card. Officer Henry, I believe, gave him a business card. And as Mr. Just was writing Officer Kuykendall's name on the card, Officer Kuykendall announced he was under arrest. And Mr. Just was then detained. He was handcuffed. The tamperer was summoned back to the scene. He was also detained. And the officers conducted further investigation, attempted to see if there was video at the nearby gas station where all of this was near which or at which all of this was transpiring. And the sergeant arrived. And tamperer indicated he had no desire to pursue charges against Mr. Just. So I can appreciate that Mr. Just was not pleased with the performance of my clients. But I think the objective facts and circumstances about which there is no dispute warrant the application of qualified immunity. There is no dispute that the officers were clear that the officers are not required to conduct a perfect investigation and that they are ordinarily entitled to rely on statements by complainants at the scene. They cannot ignore plainly exonerating evidence. But here we had not one but two persons accusing Mr. Just of flourishing. The tampering was the subject of a dispute as to whether the tamperer had made an But I don't think that there is any dispute as to the material facts. But Judge Baker felt that the fact that the officers didn't know whether it was an assault or a flourishing was somehow a disputed question of fact. I think Mr. Jerker, didn't the magistrate judge also say there was a disputed fact about whether he was detained or whether he was arrested? And is that a fact question or a legal question? I think that the, I think that that question is a mixed question of law and fact. I think that the one officer said that she felt he was merely detained. The other officer felt that he, I think Officer Kuykendall, I don't think it's disputed. She was under arrest. But the officers were likewise inconsistent as to whether they felt he was under arrest or detained for investigation. But I submit. Does that create a fact question, a material fact question or not? Well, I do not think that's a fact question. I think that's a question of law based on the facts as known to the officers and the undisputed facts as to their conduct. He was handcuffed. He was placed in a police vehicle. He was detained for at least 45 minutes. I think in the Chestnut v. Wallace case, Judge Grunder, what you wrote, a brilliant dissent, the facts and, you know, it's a question of taking the facts, the historical facts, and determining, you know, whether there's an arrest or a detention. I don't think the officers is conclusive. If it were, you know, many officers have a notion that you're not arrested until you're actually booked. And, you know, I think the law is different, and I think it's an objective determination based on the historical facts. So and I admit, I would like to have it both ways in this case. I think the facts support either an arrest if it was an arrest based on the length of the detention and the circumstances or a detention. But I think fundamentally there was at a minimum arguable probable cause as a matter of law. And I think that the officers performed the investigation. You know, admittedly, I think it's reasonable to infer that they were annoyed with Mr. Just. But, again, their subjective motivation is support the detention. And I think that those facts and circumstances do support the detention. And the ultimate outcome was a release, a report was written about stolen sunglasses, which were not stolen. And we don't dispute, you know, we don't contend that Mr. Just in fact assaulted anybody. What we think is undisputed is that these officers were told that he had and that they had a duty to investigate. And Mr. Just's complaint was that they weren't investigating enough. And so they did investigate more. And I think that was displeasing to him. But I think in the end, the upshot was they thoroughly reviewed all of the facts of the situation and no arrests were made. So I submit that there is no issue of fact that this court does have jurisdiction to reverse Judge Baker and remand with directions to grant the motion for summary judgment on the basis of qualified immunity. And I'd like to reserve my remaining time for rebuttal if I may. Very well. Court will hear from Mr. Schottel. Sure. Thank you, judges. James Schottel, Jr., counsel for Mr. Just. May it please the court, counsel. I think my opponent had some of the facts upside down and downside up. The the allegation made with respect to the knife by Mr. Doe, he was called back to the scene when he made that allegation. And then after he made that allegation, they let him leave the scene. And at that time, Mr. Just was not arrested. He was not placed under arrest for anything related to the allegation of the knife flourishing or whatever allegation it was. Even in the record shows that the the name of the person who made the allegation was not taken down by anyone and he was allowed to leave the scene. Well, if this is a serious crime and they were going to or they have probable cause to arrest Mr. Just, you would think they would need the name of the person who made the allegation. But the name of that person did not show up in the incident report. All this is in the record for the court to review. At what point in the 45 minutes did Doe leave? At the very beginning. At the very beginning of the entire incident. And that's the part where Mr. Just requested a report, which I think was a logical request because there was damage to his vehicle. So he would assume that the name of the perpetrator who damaged his truck would be in the report and he could. Now, I'm confused because I thought Doe was there, left and came back, right? No, he came once. Okay. He called back. He came back one time. They summoned him back one time. So the first time that's in all the briefing here is before the officers arrive? No, it's when the officers arrive. Well, see, you got me thoroughly confused. They were there. The officers were present and they summoned Doe back to the scene. Okay. So Doe had left before the officers arrived. Is that the point? And then he came back voluntarily. Yes. And reported that Mr. Just flourished a weapon at him. Yes. Why isn't that arguable probable cause for an arrest? Because there are other factors that the officers cannot just turn around and look the other way, just as my opposing counsel had noted. There's just simply an allegation by one person is not sufficient for arguable probable cause. That happens all the time. Almost every sex assault case is one person's allegation. Right. And the facts of this case are entirely different, though, Judge. After that allegation was made, there was no arrest made of Mr. Just and they let Doe leave the scene. Well, is there some law that says that they have to make an arrest immediately? Um, no, but they didn't arrest him at all. Not until he wrote down Kuykendall's name on the back of the card. Well, it sounds to me like you think the retaliatory arrest is a much better claim than the false arrest, right? Um, I would say yes. I believe they're both pretty close, but I would give the edge to the retaliatory because, um, it was clear that, um, Officer Kuykendall, uh, saw Mr. Just writing her name down. Um, there was no other, there was no reason other than him writing his, her name down for her to place handcuffs in handcuffs. Does the subjective motivation of the officers matter in this inquiry? As long as there's, in other words, as long as there's arguable probable cause, does it matter what the officers themselves are thinking? I don't believe so. I think it's the actual facts of the case that we just look at the facts. That's what I thought too. Another, another question, do you, is there any case law that makes it, uh, clearly established that the officers could not engage in an arrest, um, under these circumstances with the single report of flourishing a weapon? Um, I couldn't find a case on point, Judge. I think everything, um, is based upon the facts of each case. It's very fact sensitive. Well, that's true, but you have to, in order to survive qualified immunity, you have to show that the law was clearly established, right? Right. And based upon the facts of this case, the judge had found that there was, that probable cause could not be determined because of the, uh, mixed testimony of the case. At what point in the 45 minutes is the, uh, talking to the officer? Now, you know, he starts to write in the card, uh, and, uh, and then the arrest occurs in your version of everything. Is that, what minute is that at about? Um, I think that happened, um, shortly after they left, they let Doe leave the scene, um, because I think they, uh, Mr. Just thought they were just wrapping everything up. And so, uh, at that point he asked, um, uh, could I at least get a, a police report or an incident report or something about what occurred with my truck? Cause it's indisputed that the, um, lock on his truck was broken. So, um, he did have some damage property damage to his truck. Well, I I'm trying to say, was that like minute 40? Am I thinking right about the case? Um, no, that was early in the case. I sitting in the, in the police vehicle. So the majority of the things happened at the beginning towards the beginning of the 45 minutes talking about, um, the writing of the business card exchange, the writing of the name, uh, uh, on the back, those things happen towards the beginning of the 45 minutes. Uh, once he was placed in handcuffs, um, and placed in the vehicle, um, that's when the length of time was Mr. Just in the officers, um, and with everyone. And at that point, Mr. Just was, uh, unhandcuffed and was allowed to leave the scene. And, uh, we believe that, uh, Judge Baker, uh, accurately, um, uh, addressed the summary judgment, uh, motions and her rulings, uh, are correct, according to law and according to the law. And that we would ask this court affirm Judge Baker's summary judgment ruling and remand this case for trial. Mr. Shuttle, one quick question is, was there an audio or video of this encounter? Uh, there was not. Okay. Thank you. Mr. Durker, you have a little bit of rebuttal time. Uh, may it please the court. I would like to point out two things. I'm, I'm going to tread into the dangerous territory of the chronology in a second, but I would like to point out that the, the retaliation claim stands or falls with the fourth amendment claim. I think versus Bartlett makes that clear. If there was a objectively reasonable, arguable, probable cause to detain the plaintiff or to arrest him, uh, there can be no first amendment retaliation claim. I think the F is the Supreme court has been clear on that. With regard to the chronology, Mr. Just called for the police. The police responded, uh, during their initial discussion with Mr. Just, uh, the tamper doe was not present. Uh, he arrived while that was ongoing, made his accusation. Uh, he was backed up by another person at the scene. I believe the record reflects that it was some, that this other person did have some connection with the tamper, but in any event, there was another witness. So the officers indicated initially they would do nothing. Uh, Mr. Just was writing on the business card at that time. He was detained and handcuffed and the tamper was summoned back to the scene. He came back to the scene. Uh, he was detained and the officers conducted further investigation. So I think there's no dispute about that chronology. I hope it was clear. My aging brain does not always keep these things straight. Um, but, uh, I submit respectfully that, uh, that this is an appropriate case for qualified immunity. There was no clearly established right violated here. And on the contrary, there was no right violated. Uh, and so we respectfully request that the district court be reversed and the case be remanded with instructions to grant the summary judgment. And I thank the court. Very well. The court thanks counsel for your appearance and arguments today. Case is submitted and we will, uh, issue an opinion in due course.